A89A0898. NORTHCRAFT et al. v. DOE.

(385 SE2d 756)

CARLEY, Chief Judge.

In this adoption proceeding, the biological mother executed an affidavit indicating that she did not know the identity of the putative father. At a hearing set by the trial court, the mother testified that her lack of knowledge was the result of her intoxication at the time that the child was conceived. Finding that this testimony was unworthy of belief and that the mother was intentionally concealing the identity and whereabouts of the putative father, the trial court ordered that the adoption proceeding would stand dismissed unless service was perfected upon or consent was obtained from the natural father within 90 days. The trial court granted a certificate of immediate review of this order, and this court granted the application for an interlocutory appeal.

OCGA § 19-8-4 (c) (5) (F) clearly provides that the biological "mother shall have the right not to disclose the name and address of the father of her child should she so desire. . . ." If the mother chooses not to make the disclosure, the trial court has no authority to dismiss the adoption proceeding. Instead, OCGA § 19-8-7 (b) (2) provides that the trial court must make a finding as to whether the petitioners have made a "reasonable effort . . . to identify and locate" the father. If such an effort has not been made, OCGA § 19-8-7 (b) (2) further provides that the trial court "shall" direct that an additional effort to identify and locate the father be made and that the hearing is to be continued pending that effort. If the instant order of the trial court were allowed to stand and the 90-day period expired without compliance, the child could never be adopted. Such a preclusion on adoption cannot be in the child's best interest.

Therefore, the trial court's order of conditional dismissal of the adoption proceeding is reversed and the case is remanded with direction that the procedure of OCGA § 19-8-7 (b) (2) be followed. Neither

the child nor the petitioners should be punished for the mother's perceived recalcitrance. In light of the mother's explanation, the petitioners' efforts to date to identify the putative father may well have been so reasonable that the termination of his parental rights is otherwise authorized. That is, of course, a matter for the trial court's determination.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 5, 1989.

*Gibson & Deal, Jerrold W. Hester, James B. Deal,* for appellants. Allison J. Lewis, *pro se.*